# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONG S. IN,<br><br>        Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>        Defendant. | CASE NO. 1:18-CV-1267 AWI-JLT<br><br>ORDER ON PLAINTIFFS'<br>MOTION TO REMAND CASE<br>TO STATE COURT<br><br>(Doc. No. 13) |

Plaintiff Yong S. In purchased a vehicle manufactured and warranted by Defendant BMW of North America, LLC ("BMW LLC"). The vehicle contained defects which Defendant has been unable to repair, despite a "reasonable number of opportunities" to do so. Doc. No. 1-1 at ¶ 6. Plaintiff filed his complaint against Defendant in the Superior Court of California, Kern County, alleging numerous violations of California statutory and common law. *See Id.* Defendant removed to this Court on diversity grounds, alleging complete diversity of citizenship and an amount in controversy over $75,000. Doc. No. 1.

Plaintiff now seeks remand, arguing Defendant has not met its removal burden because Defendant has failed to properly demonstrate complete diversity of citizenship. Doc. No. 13 at p. 5. Plaintiff argues that as an LLC, Defendant's citizenship is governed by the citizenship of its members, and one of the twenty-six members is a citizen of California. *Id.* Defendant contends the opposite, that its removal papers demonstrate the LLC's only member is a Delaware corporation headquartered in New Jersey. Doc. No. 15 at p. 2.

Because an ambiguity exists as to BMW LLC's membership, Defendant has not met its burden to show removal is warranted. The Court GRANTS Plaintiff's motion to remand.

*Removal and Remand*

A defendant may remove to federal court a claim filed in state court that also could have initially been brought in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over the removed claims], the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). The removal statute is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 1106-07. This "strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Gaus*, 980 F.2d at 566.

*Analysis*

A district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). It is undisputed that Plaintiff is a citizen of California, and the matter in controversy exceeds $75,000. *See* Doc. Nos. 13, 15. As to Defendant BMW LLC's citizenship, Defendant points to its corporate disclosure statement filed with its notice of removal, as well as to Plaintiff's Exhibit 1, as proof that it is not a citizen of California. Doc. No. 3, 13-1. Defendant asserts these documents demonstrate BMW LLC is wholly owned by "BMW (US) Holding Corp"—a Delaware Corporation with its principal place of business in New Jersey. *Id*. Defendant thus concludes that since the Ninth Circuit deems an LLC to be "a citizen of every state of which its owners/members are citizens," and since BMW Holding Corp. is a citizen of Delaware and New Jersey, BMW LLC is not a citizen of California. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); 28 U.S.C. § 1332(c)(1).

1         Plaintiff does not dispute the citizenship of BMW Holding Corp., but does dispute that
2 BMW LLC is wholly owned by the Holding Corp. For support, Plaintiff points to BMW LLC's
3 LLC-12, the "Statement of Information for a Limited Liability Company," filed with the
4 California Secretary of State in June of 2018. *See* Doc. No. 13-1 at p. 5. Section 5 of the LLC-12
5 does list BMW (US) Holding Corporation as a "Manager or Member." *Id*. However, this section
6 also states "[i]f the LLC has additional managers/members, enter the name(s) and address(es) on
7 Form LLC-12A." *Id*. (emphasis added).

[Form excerpt: Section 5. Manager(s) or Member(s) — "If no managers have been appointed or elected, provide the name and address of each member. At least one name and address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and address(es) on *Form LLC-12A*." b. Entity Name: BMW (US) Holding Corporation]

12 BMW LLC has attached an LLC-12A, which names twenty-five other individuals in the "List of
13 Additional Manager(s) or Member(s)." *Id*. at pp. 6-9.
14         Inexplicably, Defendant offers no evidence indicating the role these twenty-five
15 individuals play in the LLC. Defendant appears to assert they are merely managers, whose
16 citizenship would not matter for a determination of complete diversity. *See Johnson*, 437 F.3d at
17 899 (determining the LLC's citizenship on the basis of that of its "owners/members"); *see also*
18 *Silver Crown Investments, LLC v. Team Real Estate*, 2018 WL 4679718 at *3 (S.D. Fla. Sept 29,
19 2018) ("For purposes of diversity jurisdiction, it is the citizenship of an LLC's members—not its
20 managers—that is relevant."); *Burge v. Sunrise Medical (US) LLC*, 2013 WL 6467994 at *3 (D.
21 Col. Dec 9, 2013) (same); *Canales v. ALM Media, LLC*, 2013 WL 12121453 at *3 (W.D. Tex.
22 Jan. 9, 2013) (same). However, Defendant's assertions are not supported by the evidence, as
23 Defendant merely points back to the LLC-12 to argue the number of BMW LLC's members,
24 while ignoring the ambiguity in the forms.[1] In a motion to remand, the Court "resolves all
25 ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042.
26 ///

---

[1] Plaintiff has submitted additional evidence indicating that BMW LLC is a member-managed LLC, and that one of the individuals listed on the LLC-12A is a citizen of California. *See* Doc. No. 13-1 at Ex's. 2-4. While not dispositive, it lends further credence to Plaintiff's argument that BMW LLC has not one—but twenty-six—members.

Resolving the ambiguity in favor of Plaintiff, it is equally plausible that these twenty-five individuals are members of BMW LLC, as indicated on the LLC-12 and -12A. Thus, Defendant was required to "affirmatively allege [their] actual citizenship . . . ." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendant has not done so, and so has failed to meet its burden to demonstrate complete diversity. *Geographic Expeditions*, 599 F.3d at 1107; *see also Doppes v. California Scents, LLC*, 2018 WL 3583052 at *2 (C.D. Cal. July 25, 2018) (remanding to state court for lack of diversity where defendants failed to demonstrate the thirteen individuals listed on its publicly-filed documents were merely managers or officers); *San Jacincto Oil & Gas Exploration, LLC v. Famcor Oil, Inc.*, 2007 WL 2527865 at *2 (D. Ariz. Aug. 31, 2007) ("Without knowing the state of citizenship of any of the constituent members of either [plaintiffs], it is impossible to know whether complete diversity exists."). Without subject matter jurisdiction over the removed claims, the Court must remand. 28 U.S.C. § 1447(c); *Gibson.*, 261 F.3d at 932.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Remand (Doc. No. 13) is GRANTED;
2. This action is REMANDED to the Superior Court of California, County of Kern; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: November 19, 2018

_____
SENIOR DISTRICT JUDGE