# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONG S. IN,<br><br>        Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>        Defendant. | CASE NO. 1:18-CV-1267 AWI-JLT<br><br>**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AFTER REMAND**<br><br>(Doc. No. 19) |

    Plaintiff filed a complaint against Defendant ("BMW LLC") in California State Court, alleging numerous violations of California law. *See* Doc. No. 1-1. Defendant removed to this Court on diversity grounds, alleging complete diversity of citizenship. Doc. No. 1. Plaintiff moved to remand, arguing Defendant had failed to properly demonstrate complete diversity. Doc. No. 13 at p. 5. Plaintiff contended that as an LLC, Defendant's citizenship was governed by the citizenship of its members, and one of the twenty-six members was a citizen of California. *Id*. Defendant contended the opposite, that its removal papers demonstrate the LLC's only member was a Delaware corporation headquartered in New Jersey. Doc. No. 15 at p. 2. The Court found that because removal is to be strictly construed, and because an ambiguity in Defendant's corporate filings indicated a lack of complete diversity, remand was required. Doc. No. 17.

    Plaintiff now requests attorneys' fees, costs, and expenses under 28 U.S.C. § 1447(c). Plaintiff argues an award is just, and the rates and hours accrued are reasonable. Doc. No. 19. Defendant objects, contending it had a good faith basis for seeking removal, and arguing Plaintiff's motion is untimely[1] and the rates are unreasonable. Doc. No. 23.

---

[1] Plaintiff's motion is timely; district courts retain jurisdiction after a remand to entertain a motion for attorney's fees. *See Armknecht v. WebMD Practice Servs., Inc.*, 2006 WL 273602, at *2 (D. Ariz. Jan. 30, 2006) (citing *Moore v. Permanente Med. Group. Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (overruled on other grounds).

A court remanding a case to state court has discretion to order the defendant to pay the plaintiff's costs and fees. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Defendant had an objectively reasonable basis for removal. The entire basis for the Court's remand order was due to an ambiguity in Defendant's corporate filings, which the Court was required to construe in favor of remand. See Doc. No. 17. However, Defendant has now presented other documents[2] indicating the twenty-five additional individuals listed on the LLC-12A were in fact officers of the LLC and not, as the form plausibly indicated, members. Doc. No. 22-2 at Ex. B. Defendant admits that its original LLC-12A contained errors, and has consistently maintained throughout these proceedings that BMW LLC was wholly owned by BMW NA (a citizen of Delaware and New Jersey). Defendant's supplemental documents and consistent position demonstrates it had an objectively reasonable basis for removing, and so the Court will deny Plaintiff's motion for fees, costs and expenses. *See Taylor v. United Rd. Servs., Inc.*, 313 F. Supp. 3d 1161, 1183 (E.D. Cal. 2018). ("That Defendant failed to carry its burden [to deny removal] does not mean that it lacked an objectively reasonable basis to remove.") (citing *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007) ("Under Martin, however, whether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c).").

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorneys' Fees under 28 U.S.C. § 1447 (Doc. No. 19) is DENIED.

IT IS SO ORDERED.

Dated:   January 28, 2019                                        _____
                                                                                         SENIOR DISTRICT JUDGE

---

[2] Defendants have requested the Court take judicial notice of its amended LLC filing statement. The Court will do so. *See Moore v. Navarro*, 2004 U.S. Dist. LEXIS 6039, *5 (N.D. Cal. Mar. 31, 2004) (A Court may take judicial notice of a matter of public record.) (citing *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).